# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PRINCE LINTON,**

    **Plaintiff,**

**v.**                                              **Civil Action No. 1:07cv72**
                                                 **(Judge Keeley)**

**EDMUND J. ROLLO,**

    **Defendant.**

## ORDER DIRECTING PLAINTIFF TO FILE PROOF
## OF AMOUNT IN CONTROVERSY

On May 29, 2007, the *pro se* plaintiff initiated this action in assumpsit and trespass against the defendant for breach of contract. On June 22, 2007, the plaintiff was granted permission to proceed as a pauper under 28 U.S.C. § 1915. The plaintiff paid an initial partial filing fee on July 16, 2007. Thus, this case is before the undersigned for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(1).[1]

In the complaint, the plaintiff asserts that he retained the services of the defendant, an attorney practicing in Morgantown, West Virginia, in a habeas corpus action before this Court. The plaintiff further asserts that he and the defendant had an agreement that the plaintiff would pay the defendant a $2500 retainer, and in return, the defendant would enter an appearance in the plaintiff's habeas corpus action. However, instead of fulfilling the parties' alleged agreement, the plaintiff asserts that after he paid the stipulated retainer, the defendant sent the plaintiff a letter analyzing the

---

[1] Section 1915(e)(2)(1) states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) *fails to state a claim on which relief may be granted*, or
        (iii) seeks monetary relief against a defendant who is immune from such relief."
(Emphasis added).

plaintiff's case, but never entered an appearance on his behalf or filed any documents with the court. Shortly thereafter, the plaintiff's habeas corpus action was dismissed. Consequently, the plaintiff sent the defendant a letter demanding a refund of his retainer, less a $75 courtesy fee for any miscellaneous expenses. In response, the defendant sent the plaintiff a letter stating that he spent 20 hours on the case and that no refund was due the plaintiff. As relief in this case, the plaintiff seeks $75,000 for assumpsit in the nature of compensatory damages, $2500 for trespass in the nature of compensatory damages, and $1 in punitive damages for the defendant's malfeasance and omissions.

In the complaint, the plaintiff asserts subject matter jurisdiction in this court under 28 U.S.C. § 1332 based on diversity of citizenship and because the amount in controversy exceeds $75,000.[2] However, assuming diversity of citizenship exists,[3] the plaintiff has failed to prove the amount of controversy.

"The existence of subject matter jurisdiction is a threshold issue" which a Court must address prior to reaching the merits of a case. See Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). Questions pertaining to subject matter jurisdiction may be raised by either party at any time, or *sua sponte* by the Court. Plyler v. Moore, 129 F.3d 728, 732 n. 6 (4th Cir. 1997);

---

[2] Pursuant to 28 U.S.C. § 1332(a) a district court has original jurisdiction of civil actions where the amount in controversy exceeds $75,000, and is between citizens of different States.

[3] The plaintiff alleges his domicile is the Federal Correctional Institution in Elkton, Ohio. However, some courts have found that "[a] prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration." Polakoff v. Henderson, 370 F.Supp.690, 693 (N.D.Ga.1973). However, the presumption that a prisoner's domicile is where he was domiciled prior to his incarceration may be rebutted "by a prisoner who could show facts sufficient to indicate a bona fide intention to change his domicile to the place of his incarceration." Jones v. Hadican, 552 F.2d 249, 251 (8th Cir.)(per curiam ), cert. denied, 431 U.S. 941 (1977). In this case, the plaintiff does not assert in what State he was domiciled prior to his incarceration. However, the Court notes that the plaintiff is currently incarcerated for a crime which took place in West Virginia, the same State in which the defendant resides.

Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (based on its own review of the evidence, a federal court is obligated to dismiss a case at any time if it appears the court lacks subject matter jurisdiction). Moreover, it is well-established that the party asserting subject matter jurisdiction has the burden of proving its existence. See Lovern v. Edwards, supra; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

The plaintiff's allegation as to the amount in controversy controls so long as it is made in good faith. See Cale v. Covington, 586 F.2d 311, 313 (4th Cir. 1978). However, "where a defendant or the court challenges the plaintiff's allegations regarding the amount in question, the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims." Columbia Gas Transmission Corp. V. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995). In determining the value of the object of the litigation, the court should grant dismissal for failure to satisfy the amount in controversy requirement, only where it appears to a "legal certainty" that the claim is really for less than the jurisdictional amount. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

In this case, the plaintiff seeks the return of his $2500 retainer. In addition, the plaintiff seeks other unspecified compensatory damages in the amount of $75,000, and $1 in punitive damages, without providing any evidence to support an award for such damages. In other words, upon a review of the evidence presented thus far, the Court is of the opinion that the object of the litigation is actually valued at $2500, well short of the jurisdictional amount, and that the plaintiff's amount in controversy claim was not made in good faith. In support of this finding, the Court notes that the plaintiff alleges no loss, monetary or otherwise, resulting from the actions of the defendant,

except for the $2500 retainer fee.[4] Despite no allegations of any other loss, the plaintiff conveniently requests an additional $75,000 in compensatory damages, the exact amount needed for federal subject matter jurisdiction. In addition, the Court points to the plaintiff's request for punitive damages in the amount of only $1. Such a nominal request leads the Court to the opinion that even the plaintiff does not believe that the actions of the defendant were egregious enough to support an award of $75,000 in additional compensatory damages.

Nonetheless, because the plaintiff is *pro se*, the Court is obliged to permit the plaintiff a certain amount of leeway in his pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972). For this reason, the Court finds it appropriate to grant the plaintiff the opportunity to present evidence in support of the amount in controversy pleaded in the complaint. Accordingly, within **twenty (20) days** from the date of this Order, the plaintiff shall submit proof that he meets the amount in controversy requirement of 28 U.S.C. § 1332(a). The failure to comply with this Order in the allotted time will result in a recommendation that the plaintiff's claim be dismissed for lack of subject matter jurisdiction for the reasons stated herein.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: November 15, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[4] The plaintiff's claim that he lost his habeas corpus action because the defendant failed to file an appearance on his behalf is speculative at best. The plaintiff fails to show that the defendant could have raised any other issues which would have changed the result of that proceeding.