# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PRINCE LINTON,**

    **Plaintiff,**

**v.**                                        **Civil Action No. 1:07cv72**
                                              **(Judge Keeley)**

**EDMUND J. ROLLO,**

    **Defendant.**

## ORDER TO ANSWER

On May 29, 2007, the *pro se* plaintiff initiated this action in assumpsit and trespass against the defendant for breach of contract. On June 22, 2007, the plaintiff was granted permission to proceed as a pauper under 28 U.S.C. § 1915. The plaintiff paid an initial partial filing fee on July 16, 2007.

On November 15, 2007, the undersigned conducted an initial review of the case pursuant to 28 U.S.C. § 1915(e)(2)(1), and found that the plaintiff's claim for $75,000 was not supported by the complaint.[1] Therefore, the plaintiff was directed to file proof of the amount in controversy.

On November 29, 2007, the plaintiff filed a response to the Court's Order in which he asserts that his claim for damages was made in good faith. In addition, the plaintiff asserts that although his actual loss for the breach of contract claim is only $2500, he also seeks compensatory damages for other injuries stemming from the breach and punitive damages for the tortuous nature of the

---

[1] The Court also noted that there may be an issue as to whether diversity of citizenship existed. However, in his response to the Court's Order, the plaintiff contends that he was and is a resident of Queens, New York. Based on this clarification, it now appears that diversity does exist.

breach.[2] Thus, based on the plaintiff's clarification of his claim for damages, it appears that summary dismissal of this case is not warranted at this time.[3] See Haines v. Kerner, 404 U.S. 519, 520 (1972) (*pro se* pleadings should be construed liberally); see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938) (in determining the value of the object of the litigation, the court should grant dismissal for failure to satisfy the amount in controversy requirement, only where it appears to a "legal certainty" that the claim is really for less than the jurisdictional amount); Cale v. Covington, 586 F.2d 311, 313 (4th Cir. 1978) (the plaintiff's allegation as to the amount in controversy controls so long as it is made in good faith).

Accordingly, the **Clerk is directed** to forthwith issue a **twenty (20) day** summons for the defendant. The summons should be directed to the defendant at the addresses provided by the plaintiff in the complaint. The Clerk is further directed to forward a copy of this Order, a copy of the complaint, a completed summons, and a completed Marshal 285 Form for the defendant to the United States Marshal Service. The Marshal Service shall serve the defendant within **thirty (30) days** from the date of this Order.

The plaintiff has **thirty (30) days** from the date a response is filed to file any reply he may have. Pursuant to Rule 7 of the Federal Rules of Civil Procedure, no other pleadings will be

---

[2] West Virginia contract law authorizes compensatory damages in a breach of contract case for damages "as may fairly and reasonable considered as arising naturally - that is, according to the usual course of things - from the breach of contract itself." Kentucky Fried Chicken of Morgantown, Inc. v. Sellaro, 158 W.Va. 708, 716, 214 S.E.2d 823, 827 (1975). In addition, punitive damages, although generally not available in an action for breach of contract, may be permitted with a showing that the actions of the defendant were tortuous. See Berry v. Nationwide Mutual Fire Ins. Co., 181 W.Va. 168, 175, 381 S.E.2d 367, 374 (1989).

[3] This decision is based solely upon the record currently before the Court. Thus, the defendant is not precluded from developing this issue further in a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

accepted without the express order of the court upon a timely motion duly made. See Fed.R.Civ.P. 7(a) ("There shall be a complaint and an answer . . . [n]o other pleading shall be allowed, except that the court may order a reply to an answer . . ..").

    IT IS SO ORDERED.

    The Clerk is also directed to mail a copy of this Order to the *pro se* plaintiff.

    DATED: December 4, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE