# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PRINCE A. LINTON,**

  **Plaintiff,**

v.                **Civil Action No. 1:07cv72**
                   **(Judge Keeley)**

**EDMUND J. ROLLO,**

  **Defendant.**

## ROSEBORO NOTICE

On January 2, 2008, the defendant filed a Motion to Dismiss for Lack of Jurisdiction in the above-styled case. Because the plaintiff is proceeding *pro se*, the Court has a mandatory duty to advise him of his right to file responsive material and to alert him to the fact that his failure to so respond might result in the entry of an order of dismissal against him. Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979); Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law, that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Therefore, within **thirty (30) days** from the date of this Order, the plaintiff shall file any

opposition to the defendant's motion explaining why his complaint should not be dismissed.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff and to transmit a copy to counsel of record via electronic means.

DATED: January 4, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE