**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**PRINCE A. LINTON,**

    **Plaintiff,**

**v.**                                  **Civil Action No. 1:07cv72**
                                           **(Judge Keeley)**
**EDMUND J. ROLLO,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court are the Magistrate Judge's Opinion/Report and Recommendation ("R&R") regarding Defendant's Motion to Dismiss. For the reasons stated below, the Court **ADOPTS** the R&R, **GRANTS** the Defendant's Motion to Dismiss Plaintiff's Complaint, and **DISMISSES WITHOUT PREJUDICE** the case from the Court's docket.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiff Prince A. Linton ("Linton"), is a federal prisoner housed at the Federal Correctional Institution, Elkton, Ohio. Defendant Edmund J. Rollo ("Rollo"), is an attorney with an office located in Morgantown, West Virginia. Linton executed a General Power of Attorney on September 16, 2006, designating Mrs. Tielesha McClurkin, his cousin, as his Power of Attorney and granting her the power and authority to act on his behalf. On October 5, 2006, Linton contacted Rollo in relation to his pending habeas corpus action. On December 12, 2006, Linton's Power of Attorney, Mrs.

**LINTON V. ROLLO**                                                   **1:07CV72**

## MEMORANDUM OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

McClurkin, paid Rollo a retainer of two thousand five hundred dollars ($2,500). Linton alleges that he retained Rollo with the expectation that Rollo's appearance on Linton's behalf, and his professional skills, would increase Linton's likelihood of success in his habeas corpus action. Rollo, however, asserts that he was merely retained to perform an analysis of Linton's habeas corpus claim.

On January 17, 2007, Rollo forwarded to Linton a letter setting forth his analysis of Linton's habeas corpus claim. According to Linton, however, this letter was not forwarded to the Court for consideration in his habeas corpus action. On March 23, 2007, Linton's habeas corpus petition was denied. Subsequent to this denial, Linton sent a letter to Rollo, dated April 5, 2007, demanding a refund of the retainer less seventy-five dollars ($75) for expenses, because Rollo had failed to appear in Linton's habeas corpus action. After receiving this letter, Rollo informed Linton that he had spent twenty (20) hours working on Linton's case and his fees were paid in full.

As a result of these actions, Linton, appearing pro se, initiated the instant case on May 29, 2007, by filing a civil suit against Rollo alleging causes of action for breach of contract and

2

**LINTON V. ROLLO**                                                                1:07CV72

**MEMORANDUM OPINION AND ORDER
ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

trespass. A copy of Linton's Complaint was served on Rollo on December 12, 2007.

After being served with Linton's Complaint, on January 2, 2008, Rollo filed a Motion to Dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, claiming that this Court lacked subject matter jurisdiction to hear the case because the amount in controversy did not satisfy the jurisdictional requirement 28 U.S.C. § 1332(a). Linton received a Roseboro Notice[1] on January 4, 2008, after which he responded to Rollo's Motion to Dismiss on January 28, 2008, contending that the amount in controversy had, in fact, been met. Specifically, Linton claimed that he was demanding two thousand five hundred dollars ($2,500) for breach of contract, seventy-five thousand dollars ($75,000) in compensatory damages, and one dollar ($1) in punitive damages. Subsequently, both Rollo and Linton filed additional responses on February 4 and 22, 2008, respectively.

On July 1, 2008, Magistrate Judge Kaull entered an R&R finding that Linton's claim did not meet the jurisdictional amount of seventy-five thousand dollars ($75,000), and recommending that

---

[1] See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that a pro se plaintiff is entitled to fair notice of what may happen to his case "when confronted with the possibility of summary disposition" thereof).

3

**MEMORANDUM OPINION AND ORDER**
**ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Rollo's Motion to Dismiss be granted and Linton's Complaint be dismissed without prejudice.  Linton promptly filed objections to the Magistrate's findings.  He did not object to those findings regarding compensatory damages but did object to the findings regarding punitive damages and urged the Court to construe his trespass claim as a legal malpractice claim.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district court "may designate a magistrate judge to hear and determine any pretrial matter[s] pending before the court, except a motion for . . . judgment on the pleadings, [or] for summary judgment."  However, a district court "may designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)."  28 U.S.C. § 636(b)(1)(B).

Once the magistrate judge makes his findings and recommendations, they must be filed with the court, "and a copy shall forthwith be mailed to all parties."  28 U.S.C. § 636(b)(1)(C).  After receiving the magistrate judge's Opinion/Report and Recommendation along with the written objections

of the parties, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report."); Greene v. Quest Diagnostics Clinical Labs., 455 F. Supp.2d 483, 488 (D. S.C. 2006) ("A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.").

When a party raises an issue for the first time as an objection to a magistrate judge's proposed findings of fact and recommendations for disposition, the district court must consider that issue in its de novo review. See United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as a part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate."). Furthermore, when a litigant appears pro se, his complaint is to be liberally construed and is held "to less

stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

### III.  LEGAL ANALYSIS

In his objections to Magistrate Judge Kaull's R&R, Linton specifically contested the findings regarding punitive damages, as well as the construction of his trespass claim, arguing that it should be construed as a legal malpractice claim.  Linton, however, failed to make specific objections to the Magistrate Judge's findings on compensatory damages.  See Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (stating that "failure to raise an objection 'sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute' waives any appellate review").  Therefore, the Court adopts the Magistrate Judge's findings with regard to compensatory damages in full and turns now to Linton's objections concerning punitive damages and the legal malpractice claim.

Linton's objections regarding punitive damages and legal malpractice should be considered together because, in order to receive an award of punitive damages, Linton would have to make out a case for an intentional tort.  See Hayseeds, Inc. v. State Farm Fire & Cas., 352 S.E.2d 73, 80 (W.Va. 1986) ("Generally, punitive

damages are unavailable in an action for breach of contract unless the conduct of the defendant constitutes an independent, intentional tort."). However, Linton alleges no facts in his Complaint that set forth the elements of an intentional tort. Attempting to remedy this defect, Linton asks the Court to construe his claim for trespass as a claim of legal malpractice against Rollo. Because this claim still arises out of the alleged contract at issue, however, it remains a breach of contract claim. See Syl. Pt. 2, Hall v. Nichols, 400 S.E.2d 901 (W. Va. 1990) (stating in part that "[w]here the act complained of in a legal malpractice action is a breach of specific terms of the contract without reference to the legal duties imposed by law on the attorney/client relationship, the action is contractual in nature"). As such, Linton's legal malpractice claim is not an intentional tort and should be construed as a breach of contract claim arising from alleged legal malpractice. Id.

Because Linton fails to allege an intentional tort in addition to his breach of contract and legal malpractice/breach of contract claims, he is unable to pursue a claim for punitive damages because, "[g]enerally, punitive damages are unavailable in an action for breach of contract unless the conduct of the defendant constitutes an independent, intentional tort." Hayseeds,352 S.E.2d

at 80.  Since Linton is unable to sustain an action for punitive damages under theories of breach of contract or legal malpractice/breach of contract, any recovery in his case would be limited to the amount of his actual damages, alleged to be two thousand five hundred dollars ($2,500).  See Milner Hotels, Inc. v. Norfolk & W. Ry. Co., 822 F. Supp. 341, 344 (S.D. W. Va. 1993) ("It is a fundamental principle of the law of contracts that a plaintiff is only entitled to such damages as would put him in the same position as if the contract had been performed."); Syl. Horn v. Bowen, 67 S.E.2d 737 (W. Va. 1951) ("In an action for breach of contract to perform specified work, the measure of damages is the actual loss suffered by the injured party directly flowing from such breach.").  Therefore, Linton fails to allege a sufficient amount in damages to satisfy the jurisdictional amount of seventy-five thousand dollars ($75,000) as required by 28 U.S.C. § 1332(a).

### IV.  CONCLUSION

Because Linton fails to allege an amount sufficient to satisfy the jurisdictional amount set forth in 28 U.S.C. § 1332(a), this Court does not have subject matter jurisdiction to hear this case. The Court, therefore, **GRANTS** Rollo's Motion to Dismiss (Dkt. No. 24), **ADOPTS** the Magistrate Judge's R&R (Dkt. No. 31) in its

**LINTON V. ROLLO**                                          **1:07CV72**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

entirety, and **DISMISSES WITHOUT PREJUDICE** Linton's Complaint. It directs that this action be **DISMISSED** from the Court's docket.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record, and the pro se plaintiff, return receipt requested.

DATED: September 10, 2008.

>                             /s/ Irene M. Keeley
>                             IRENE M. KEELEY
>                             UNITED STATES DISTRICT JUDGE